UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
VINCENT A. BROCK,                              :
            Plaintiff,                      :
                                                                       :          **ORDER OF DISMISSAL**
v.                                             :
                                                                       :          19 CV 5891 (VB)
DR. AVANZATO and DR. ZAMILUS,                  :
           Defendants.                         :
--------------------------------------------------------------x

      On September 23, 2020, the Court issued an Opinion and Order granting in part and denying in part defendants' motion to dismiss.  (Doc. #48).  The Court ordered defendants Dr. Avanzato and Dr. Zamilus to file an answer to the complaint by October 6, 2020.  (Id.).  On September 29, 2020, the Court ordered the parties to file on the ECF docket their proposed Civil Case Discovery Plan and Scheduling Order by October 19, 2020.  (Doc. #50).  Chambers mailed a copy of both documents to plaintiff at the address on the docket.

      On October 6, 2020, defendants filed a suggestion of death noting that on or about April 9, 2020, Dr. Joseph Avanzato had died.  (Doc. #51).  In addition, defendant Dr. Zamilus filed an answer to the complaint, stating that because Dr. Avanzato had passed away, Dr. Avanzato was "terminat[ed] [] as a party subject to Fed. R. Civ. 25."  (Doc. #53 n.1).

      By Order dated October 7, 2020, the Court instructed defense counsel to file a letter on the ECF docket advising the Court of the process by which they would substitute the estate of Dr. Avanzato as a defendant in this case pursuant to Fed. R. Civ. P. 25(a)(1).  (Doc. #54).[1]  The Court mailed a copy of this Order to plaintiff at the address on the docket.

      On October 19, 2020, the Court received a notice that its September 29, 2020, Order mailed by the Court to plaintiff at the address on the docket had been returned as not deliverable as addressed and as unable to be forwarded.  (Doc. #56).  The return envelope also had a handwritten notation on it stating, "return to sender, deceased," suggesting plaintiff was deceased.  (Id.).  In addition, defense counsel indicated that although he has mailed a copy of a proposed Civil Case Discovery Plan and Scheduling Order to plaintiff, he had received no response from plaintiff.  (Doc. #55).  Accordingly, the Court ordered the telephonic initial conference on October 22, 2020, to proceed as scheduled to discuss the status of the case.  (Doc. #56).

      On October 22, 2020, the Court held an on-the-record conference attended by defendants' counsel, and at which plaintiff, proceeding pro se, did not appear.  The Court ordered that (i) by

---

[1]    Fed. R. Civ. P. 25(a)(1) provides,
    If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
A Section 1983 claim survives the death of a defendant.  See Barrett v. United States, 651 F. Supp. 604, 605-06 (S.D.N.Y. 1986).

October 29, 2020, defense counsel would file on the ECF docket a suggestion of plaintiff's death, and (ii) by no later than February 1, 2021, defense counsel would file a letter stating whether he had become aware of any successor or representative of plaintiff or defendant Dr. Avanzato. (Doc. #58). The Court mailed a copy of this Order to plaintiff at the address on the docket.

On October 26, 2020, the Court's October 7, 2020, Order was returned to sender. (Doc. #61).

On November 2, 2020, the Court's October 22, 2020, Order was returned to sender, with a handwritten notation on the envelope "return to sender deceased." (Doc. #62).

On January 29, 2021, defense counsel wrote a letter to the Court indicating that he had not become aware of any successor or representative for either plaintiff or defendant Dr. Avanzato. (Doc. #65).

Accordingly, the case is dismissed. See Fed. R. Civ. P. 25(a)(1). The Clerk is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: February 1, 2021
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge